Jessie Trautwein, complainant-respondent,

*v.*

Robert E. Trautwein, defendant; Franklin Strauch, appellant.

[Argued October 21st, 1940. Decided February 4th, 1941.]

*Mr. Nathan H. Berger,* for the appellant.

*Mr. Harry Unger,* for the respondent.

The opinion of the court was delivered by

DONGES, J.

This appeal of Franklin Strauch is from an order advised by Advisory Master Grosman in a maintenance proceeding between Jessie Trautwein, complainant, and Robert E. Trautwein, defendant. It appears that on the 18th of June, 1937, Mrs. Trautwein obtained a decree for separate maintenance against her husband by the terms of which the husband was directed to pay to the complainant the sum of $12 per week. It appears that at that time the husband was operating a grocery and butcher store; that he failed to make payments and in June, 1938, an application was made to adjudge him in contempt of court. He concealed himself and on the 16th of August, 1938, he was adjudged in contempt and a warrant was issued for his arrest. Having left the jurisdiction, he could not be served.

On October 20th, 1938, a writ of sequestration was issued directed to Frank E. Boettner, directing him to sequester the defendant's property and effects within the state and to compel performance of the decree theretofore made. On October 24th Boettner did sequester all the goods and chattels in the premises where the defendant conducted his store. Thereafter Boettner permitted the appellant, Strauch, to continue in charge of the store in order to keep the business going. Strauch did operate the business, under the instructions to keep a detailed record, from October 25th until about the 26th of November, 1938, when the store was closed.

On November 29th Howard Isherwood was substituted as sequestrator in the place and stead of Boettner. It further appears that Strauch is said to have disregarded the instructions of Boettner and fraudulently conducted the store and failed to make any returns for the proceeds of the business or any accounting of the transactions of the store. The records are not available, the appellant asserting that he left them in the store when it was closed. In some proceeding it was determined that the sum of $497.36 was the amount that Strauch should be surcharged, and by the order of January 26th, 1940, he was directed to forthwith pay the sum of $497.36 to Isherwood, who had been appointed receiver, a counsel fee of $150 to Mr. Unger, together with costs, and $75 to Mr. Isherwood for his services. Thereafter Unger made a demand and upon failure of payment, filed his petition to have Strauch adjudged in contempt.

As far as the petitioner's case is concerned, it merely alleges failure of payment. An order to show cause was made on the 9th of April, 1940, ordering Strauch to show cause why he should not be adjudged in contempt. Thereafter the appellant, respondent in the petition, filed an affidavit in which it appears that, while he is conducting a business in the store which formerly was conducted by the defendant in the maintenance suit, who is his uncle, he is without means to pay. There is no controversy as to the facts stated in his affidavit. It appears that the matter was heard upon the petition of petitioner and the affidavit of the appellant, no testimony being taken by either of the parties; nor was there any counter-affidavit by petitioner. On the 16th of April, 1940, the advisory master advised an order adjudging Strauch in contempt for having violated the order of the court, and ordering that he be committed to the common jail of the county of Essex or such other jail in this state where he might be apprehended, and there to remain until he pay the sum of $747.71, together with costs of the contempt proceeding. It is from this last order that the appeal is taken.

On behalf of the appellant it is asserted that this is not a contempt in open court of which the appellant must purge himself, but, being the failure to pay a sum of money, the

uncontradicted proofs showing that he is without present means to comply with the order is a full and complete answer to the charge. This appears to be the holding of our cases and is clearly set out in the case of *Lakewood Trust Co.* v. *Lawshane Co., 102 N. J. Eq. 270,* where it was held that the answer of a defendant to a petition in Chancery asking that he be adjudged in contempt for failing to pay a sum specified in a previous order of the court, stating that he is unable because of pecuniary losses to pay the specified sum, and supported by affidavits, must be accepted as true in the absence of subsequent pleading or testimony contradicting that contention. In the instant case, there is no proof that the appellant is in financial position to pay. If it can be shown that he is able to make payment, a different situation may be presented. It is possible that the conduct of the appellant was not straightforward and free of fraud, but that is not the ground upon which the order was made. The order calls upon him to make payment of a sum of money which is alleged to be due from him to the receiver and which the Court of Chancery directed him to pay. Inability to comply with an order is a complete answer to such a charge. *McClure* v. *Gulick, 17 N. J. Law 340; Ibid., 435; Walton* v. *Walton, 54 N. J. Eq. 607; Grand Lodge, Knights of Pythias* v. *Jansen, 62 N. J. Eq. 737; Miles* v. *Miles, 105 N. J. Eq. 199, 202.*

Whether the court had jurisdiction to make the order in question inasmuch as appellant was not a party to the litigation, was not an officer or appointee of the court, and his duty and obligation was only to his employer, the sequestrator, an officer of the court, who, in turn, was the person liable for the moneys involved, we do not pass upon. We conclude that the uncontradicted proof of inability to pay is sufficient to require a reversal of the order.

The order appealed from is reversed, with costs.

*For affirmance*—HEHER, WELLS, WOLFSKEIL, JJ. 3.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, DEAR, RAFFERTY, HAGUE, JJ. 10.